I disagree with the majority opinion dismissing the defendant's appeal on the motion of the state. The trial court's denial of the defendant's application for accelerated rehabilitation was a final judgment appealable to this court.
The defendant is charged (1) with assault in the third degree and (2) with breach of the peace. At his arraignment on October 9, 1981, he pleaded not guilty and elected a jury trial. Thereafter he applied for accelerated rehabilitation. The accelerated pretrial rehabilitation statute, General Statutes 54-56e, sets forth four procedural steps: (1) the application to the court containing a statement of the statutory representations, waivers and agreements; (2) the statutory oath by the accused "in open court under penalties of perjury that (s)he never had this program invoked before on his/her behalf';[1] (3) the first order of the court either (a) denying the application or (b) continuing the application to a hearing date "so that the Accused may notify the victim(s) of the opportunity to be heard on this matter"[2] by registered or certified mail, and (4) if a hearing has been given, the second order of the court either (a) denying the application or (b) granting accelerated rehabilitation. See State v. Lavorgna, 37 Conn. Sup. 767,780-81, 437 A.2d 131 (1981) (dissenting opinion). *Page 557 
The defendant in this case did not comply with these statutory requirements, but that issue has not been raised and is not before the court. He and counsel signed the application out of court on October 14, 1981, at which time counsel without a court order sent notice by certified mail to the victims of a court hearing on December 4, 1981. Counsel's appearance was filed in court on October 16, 1981. Thereafter the application with a copy of the victims' notice was filed in court on November 3, 1981. The statutory oath was never taken on the application. After the hearing the application was denied when the defendant refused to accept the court's condition that he reimburse the complainant's alleged medical expenses, which he contended was a civil claim in dispute and subject to a possible counterclaim.
The defendant has appealed to this court from the pretrial denial of his application for accelerated rehabilitation. By its motion now before the court the state seeks "to dismiss the defendant's appeal for lack of jurisdiction, since there has been no final judgment rendered by the trial court." Appeals in criminal cases can be taken only from the "final judgment" by statute and court rule. General Statutes 52-263, 51-197d; Practice Book 3000, 1064.
This threshold appealability question arises from two basic principles of law. First, it is well settled that there is no constitutional right to an appeal. The right of appeal is purely a creature of statute; in order to exercise that statutory right of appeal one must come within its terms. Second, since appeals of right have been authorized in criminal cases, there has been a firm legislative policy against interlocutory or "piecemeal" appeals and courts have consistently given effect to that policy by requiring finality of judgment as a predicate for appellate jurisdiction. Abney v. United States, 431 U.S. 651, 656,97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). "`Adherence to this rule of *Page 558 
finality has been particularly stringent in criminal prosecutions because "the delays and disruptions attendant upon intermediate appeal," which the rule is designed to avoid, "are especially inimical to the effective and fair administration of the criminal law." DiBella [v. United States, 369 U.S. 121, 126, 82 S.Ct. 654,7 L.Ed.2d 614 (1962)]. Abney v. United States,431 U.S. 651, 657, 97 S.Ct. 2034, 52 L.Ed.2d 651
(1977)." State v. Powell, 186 Conn. 547, 551,442 A.2d 939, cert. denied sub nom. Moeller v. Connecticut, 459 U.S. 838, 103 S.Ct. 85,74 L.Ed.2d 80 (1982).
General Statutes 54-56e is entitled "Accelerated pretrial rehabilitation." (Emphasis added.) Its introductory sentence declares that "[t]here shall be a pretrial program for accelerated rehabilitation of persons accused of a crime, not of a serious nature." (Emphasis added.) After setting forth the procedural steps for obtaining accelerated rehabilitation discussed earlier,54-56e authorizes the dismissal of the criminal charges without trial in these terms: "Any such defendant shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions as the court shall order . . . . If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against him and the court, on finding such satisfactory completion, shall dismiss such charges." However, if, as in the present case, "the defendant refuses to accept, or, having accepted, violates such conditions, his case shall be brought to trial."
The accelerated rehabilitation statute is a procedure for the quick resolution of criminal charges without trial and the early restoration to good repute and self-dignity of "an accused who, the court believes, will probably not offend again and who has no previous record of conviction of crime." General Statutes 54-56e. It is a modern day concept of criminal justice intended to divert the *Page 559 
criminal process from the traditional centuries old trial procedure to the self-vindication of one's honor and good name without undue delay, unnecessary legal expense, public humiliation, burdensome aggravation and a possible fine and/or imprisonment. While the statute specifically applies to a first offender, it is equally available within its terms to an innocent accused who may not wish to incur the cost of defense, delay of an acquittal or dismissal, personal strain, public embarrassment and risk of conviction in an open trial of a criminal charge. The accelerated rehabilitation statute in substance and effect creates a provisional right in a first accused to avoid trial, conviction and a criminal record. With this understanding of the intent and scope of 54-56e, let us now measure the applicability of the restriction by the final judgment rule to an appeal from the denial of accelerated rehabilitation to the defendant.
The precise issue under consideration has been before the appellate courts of our state on two occasions, but neither decision has been accepted by the majority opinion as controlling. In that respect the majority has erred. Our Supreme Court in a preliminary ruling in State v. Spendolini, Docket No. 10384 (November 5, 1980), denied the state's motion to dismiss the defendant's appeal from the trial court's denial of his application for accelerated rehabilitation. The court's failure to articulate a reason for its action does not undermine or wash away the effect of its ruling. To say that the precedential value and binding effect upon a lower court of the preliminary ruling in Spendolini was severely impaired by the fact that it was a summary order which because it was unaccompanied by a written decision left the reasons for the denial of the motion to dismiss the appeal to speculation, is a misjudgment of law. The denial by the Supreme Court in Spendolini of the state's motion to dismiss the appeal for lack of final judgment demonstrates that *Page 560 
the court considered the trial court's denial of the defendant's application for accelerated rehabilitation to be a final judgment. See State v. Powell, supra.
The majority's determination that this court is not bound by Spendolini is clearly in excess of our intermediate appellate jurisdiction. Under the doctrine of stare decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. Otherwise, the doctrine of stare decisis makes no sense. Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court. Chaos would be created in our legal system if lower courts were not bound by higher court decisions. Auto Equity Sales, Inc. v. Superior Court, 57 Cal.2d 450, 454-55, 369 P.2d 937
(1962). The judicial hierarchy must be respected and acknowledged.
In State v. Whitney, 37 Conn. Sup. 864,440 A.2d 987 (1981), the identical question was before this court. Relying upon Spendolini, our court stated (p. 865): "It appears that the issue of whether the denial of an application for accelerated rehabilitation constitutes a final judgment, which goes to the jurisdiction of this court to entertain the appeal, has been resolved in favor of allowing an appeal from such a ruling." The majority opinion misinterprets our decision in Whitney which properly followed the Supreme Court's ruling in Spendolini. This error is compounded by the majority's holding that "we are charged with the responsibility for making the necessary changes" where "it is plain, however, that the judgment was the result of a mistaken view of the condition of the law applicable to the question, or where it can be shown that the law has been misunderstood or misapplied or is contrary to reason." *Page 561 
The majority would overrule Whitney, its own precedent, for "the most compelling reason" that Spendolini was not binding for want of articulation. With the same brush the majority would whitewash the precedents of Spendolini and Whitney, and rewrite the conclusions of both, one a higher and the other an equal judicial authority.
Stare decisis gives stability and continuity to our case law. Many times there are exceptions to the rule of stare decisis, but a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic compel it. A change in the personnel of the court never furnishes such reason. Herald Publishing Co. v. Bill, 142 Conn. 53, 62, 111 A.2d 4 (1955).
"Generally, if the trial court order or action sought to be appealed `terminates a separate and distinct proceeding, or if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final for purposes of appeal. E. J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623, 627, 356 A.2d 893 [1975]; State v. Roberson, 165 Conn. 73, 83, 327 A.2d 556
[1973]. State v. Bell, 179 Conn. 98, 99,425 A.2d 574 (1979)." State v. Powell, supra, 552. The denial of the defendant's application for accelerated rehabilitation was the termination of such a separate and distinct proceeding created by statute for pretrial diversion of minor criminal charges involving first offenders, and even innocent accused. The determination upon such application of the accused's provisional right to avoid trial, conviction and a criminal record permanently blotting his reputation and character is a separate and distinct proceeding in the prosecution apart from the determination of guilt or innocence by trial. A denial of accelerated rehabilitation is, therefore, a final judgment for purposes of appeal and review before any further proceedings may be had in the prosecution of the criminal charges by trial. *Page 562 
In the federal courts such appealable pretrial final decisions "fall within the so-called `collateral order' exception to the final judgment rule first announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 [69 S.Ct. 1221,93 L.Ed. 1528] (1949)." Abney v. United States,431 U.S. 651, 657, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).
In Cohen v. Beneficial Industrial Loan Corporation, supra, a federal district court denied a motion to require the plaintiff to post security for reasonable expenses incurred by the defendant as required by New Jersey law. At the outset the United States Supreme Court considered the question whether the district court's order refusing to apply the state statute was an appealable one. Title 28 U.S.C. § 1291 provided for appeal only "from all final decisions of the district courts." The Supreme Court (p. 546), identified three requirements for appeals from pretrial rulings: (1) the decision must be fully consummated; (2) it must not be of such an interlocutory nature as to affect, or be affected by, the decision of the merits of the case but, instead, must be collateral to, and separable from, the principal issue at trial and (3) it must involve an important right which would be "lost, probably irreparably," if review had to await final judgment. The court then concluded: "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Id.
"Cohen's collateral-order exception is equally applicable in both civil and criminal proceedings." Abney v. United States, supra, 659n. In Abney the United States Supreme Court, applying the three factors specified in Cohen, held that "pretrial orders rejecting claims of former jeopardy, such *Page 563 
as that presently before us, constitute `final decisions' and thus satisfy the jurisdictional prerequisites" of appeals. Abney v. United States, supra, 662. "Such a claim involves not just a right not to be twice punished but also, in the appropriate circumstances, the right not even to be tried. Abney v. United States, supra, 660-61." State v. Powell, supra, 553.
Applying the collateral order rule of Cohen to the trial court's denial of the defendant's application for accelerated rehabilitation, the appealability of the pretrial order is even more evident than under our established test or standard that the action terminate a separate and distinct proceeding or conclude the rights of the parties so that further proceedings cannot affect them. See State v. Powell, supra, 552. First, there can be no doubt that the order here constitutes a complete, formal and final denial of accelerated rehabilitation in the trial court. The requirement of a fully consummated decision is met. Second, the nature of the application for accelerated rehabilitation is such that it is collateral to, and separable from, the principal issue at trial of the guilt or innocence of the defendant. The defendant in this appeal contests the court's denial of a provisional statutory right to avoid further prosecution and to obtain a dismissal of the charge without trial. The elements of that claim are completely independent of his guilt or innocence. Finally, the rights conferred on an accused by 54-56e in its provision for accelerated rehabilitation and dismissal of a criminal charge without trial would be significantly undermined if appellate review of the order of denial were postponed until after conviction or sentence. The grant of accelerated rehabilitation avoids a criminal trial. To require a criminal trial before appellate review of denial of accelerated rehabilitation would torture the legislative intent of this pretrial diversion and contravene its purpose and policy. To require a trial before a final determination upon appellate *Page 564 
review of the defendant's right to accelerated rehabilitation without a trial would destroy the rights accorded to him by this legislation. Only by this appeal can the defendant protect his interests under accelerated rehabilitation which are wholly unrelated to the propriety of any subsequent conviction. His right to avoid trial should be fully adjudicated upon appeal before he is subjected to the expense, aggravation, strain, embarrassment and risk of conviction inherent in a public criminal trial.
The state's motion to dismiss the appeal should be denied.